| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| COURTNEY FINE, individually and on behalf of all others similarly situated, | ) ) ) | NO. CV 10-01848 SJO (CFOx) |
|---|---|---|
| Plaintiff, | ) ) ) ) | **ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| v. | ) ) | [Docket No. 34] |
| CONAGRA FOODS, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court on Plaintiff Courtney Fine's ("Plaintiff") Motion for Class Certification, filed June 18, 2010. Defendant ConAgra Foods, Inc. ("Defendant") filed an Opposition, to which Plaintiff replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 26, 2010. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is DENIED.

I. BACKGROUND

Defendant ConAgra Foods ("Defendant") is a manufacturer and distributor of microwave popcorn, a billion-dollar industry. (First Am. Class Action Compl. ("FAC") ¶¶ 16, 34-35.) On September 6, 2007, Defendant issued a release to the public stating it was no longer adding the compound diacetyl, which has been shown to be hazardous to health when heated and inhaled,

to its butter-flavored microwave popcorn products. (FAC ¶¶ 36-43.) Since the announcement, Defendant "reformulated" all butter-flavored varieties of Orville Redenbacher's and Act II microwave popcorn in response to consumer uncertainty regarding the safety of Defendant's microwave popcorn. (FAC ¶¶ 38-45.) Defendant also redesigned the packaging for these products to display the words "No Added Diacetyl."[1] (FAC ¶¶ 44-45.)

Plaintiff is an individual residing in Los Angeles, California who purchased several of Defendant's butter-flavored microwave popcorn products after Defendant's announcement in September 2007. (FAC ¶ 15.) Plaintiff alleges that she relied on Defendant's claims that there is "no added diacetyl" in the popcorn products when making the purchases. (FAC ¶ 15.) Plaintiff asserts, however, that diacetyl is still present in the products.[2] (FAC ¶ 15.) Plaintiff further asserts that had she known Defendant's representation regarding the diacetyl was false, she would not have made the purchases. (FAC ¶¶ 15, 50.)

On March 15, 2010, Defendant removed the instant litigation from state court pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, and the Class Action Fairness Act. On March 23, 2010, the Court granted the parties' stipulation, allowing Plaintiff to file a First Amended Complaint. On April 12, 2010, Plaintiff filed the First Amended Complaint, on her own behalf and on behalf of all other persons similarly situated pursuant to Rule 23(b)(2) and Rule 23(b)(3). (FAC ¶ 21.) Plaintiff alleges causes of action for: (1) false and misleading representation of material facts, constituting unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq.* ("UCL"); and (2) false advertising in violation of Business & Professions Code §§ 17500, *et seq.*

---

[1] Plaintiff alleges that the products on which Defendant places the misleading label include: Orville Redenbacher's Movie Theater Butter, Pour Over Movie Theater Butter, Movie Theater Butter Mini Bags, Butter, Ultimate Butter, Tender White, Old Fashioned Butter, Corn on the Cob, Movie Theater Butter Light, Light Butter, and Organic Butter, as well as ACT II's Butter, Butter Lover's, Light Butter, Xtreme Butter, Movie Theater Butter, 94% Fat Free Butter, Buttery Kettle Corn, and Buttery Cinnamon. (FAC ¶ 10.)

[2] While Plaintiff herself does not have direct knowledge of the presence of diacetyl in Defendant's products, Plaintiff relies on the work and statements of several health experts and alleges that "[k]nown 'substitutes' for diacetyl still contain molecules of diacetyl." (FAC ¶¶ 9, 48-50.)

("FAL"). (FAC ¶¶ 52-68.) Plaintiff further alleges that she has suffered a monetary loss as a result of Defendant's actions, which were in violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.* (FAC ¶¶ 69-79.)

Presently before the Court is Plaintiff's Motion for Class Certification. Plaintiff seeks to certify the following statewide class pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3):

> All persons residing in the State of California who purchased Orville Redenbacher's brand Light Butter, Movie Theater Butter Light microwave popcorn, and/or ACT II brand 94% Fat Free Butter, Light Butter, and Butter Lover's microwave popcorn for personal use and not for resale since September 1, 2007.

(Pl.'s Mot. 1:11-15.)

## II.   DISCUSSION

Whether Plaintiff's Motion for Class Certification is a hybrid motion pursuant to both Rule 23(b)(2) and Rule 23(b)(3) or a purely injunctive motion pursuant to Rule 23(b)(2), the analysis remains the same.[3] This is because "when a particular action qualifies under another portion of Rule 23(b) as well as Rule 23(b)(3), it should be treated as if it had been brought exclusively under the other provision." 7AA Charles Alan Wright, *et al.*, Fed. Practice & Procedure § 1784.1 (3d ed. 2010). Plaintiff argues that her "primary goal is to obtain injunctive relief by way of an order enjoining [Defendant] from its continued practice of making misleading advertising and label claims about its butter flavored microwave popcorn products." (Pl.'s Mot. 2:3-6.) Accordingly, Plaintiff must meet the more demanding common-question and superiority standards of Rule 23(b)(2).

### A.   Legal Standard on a Motion for Class Certification

---

[3] Rule 23(b)(2) states in pertinent part: "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) states in pertinent part: "the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A motion for class certification must fulfill the four prerequisites explicitly stated in Rule 23(a). Class certification is only appropriate when:

> (1) [T]he class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

### 1. Standing

The Ninth Circuit has held that standing may be addressed before the Rule 23(a) factors as long as the court is not considering a global class settlement. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) ("The district court correctly addressed the issue of standing before it addressed the issue of class certification."); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) ("Any . . . Article III court must be sure of its own jurisdiction before getting to the merits."). Here, Defendant argues that Plaintiff "has not defined the proposed class such that anyone within it would have standing." (Def.'s Opp'n 6:11-12.)

In the Court's Order Denying Defendant's Motion to Dismiss ("Order") dated June 29, 2010, the Court ruled that Plaintiff established standing because she incurred injury as a result of Defendant's allegedly improper conduct. (*See* Order 3:21-5:15.) Plaintiff's spending money on Defendant's popcorn in reliance of Defendant's placing "No Added Diacetyl" on the packaging was sufficient. (*See* Order 3:21-5:15.) In the instant Motion, Plaintiff seeks to certify a class that includes "all persons residing in the State of California who purchased [Defendant's] popcorn for personal use and not for resale since September 1, 2007." (Pl.'s Mot.1:11-15.) Plaintiff makes no mention of the proposed class being comprised of members who made the purchase *as a result of* Defendant's allegedly false statements, which is necessary in order to establish standing. (*See generally* Pl.'s Mot.)

Moreover, other courts have held that class definitions "should be tailored to exclude putative class members who lack standing . . . each class member need not submit evidence of personal standing but, nonetheless, a class must be defined in such a way that anyone within it would have standing." *Burdick v. Union Sec. Ins. Co.*, 2009 WL 4798873, at *4 (C.D. Cal. 2009). Accordingly, class certification is improper, given that Plaintiff's proposed class includes many people who may not have relied on Defendant's alleged misrepresentations when making their purchasing decisions.

Even if the Court were to find that standing is not an issue in the instant matter, Plaintiff fails to meet all four requirements of Rule 23(a). *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982).

### 2. Numerosity

Numerosity is not disputed by Defendant in the instant matter, as Defendant agreed to stipulate to the numerosity requirement during the meet and confer process. (Pl.'s Mot. 7:20-22.)

### 3. Commonality

Rule 23(a)(2) states that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement found in Rule 23(a)(2) is construed permissively. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class. *Id.*

Here, Plaintiff alleges that the commonality requirement of Rule 23(a)(2) is met because this case is "based on a uniform misleading statement made prominently on every box of and package of the subject butter flavored microwave popcorn products sold to members of the class." (Pl.'s Mot. 8:10-12.) Since Plaintiff's claims and the proposed class are based on the same misleading label on the boxes of popcorn, the Court finds that Plaintiff has sufficiently demonstrated commonality pursuant to Rule 23(a)(2).

### 4. Typicality

"The commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co.*, 457 U.S. at 158 n. 13. "Both serve as guideposts for determining whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.*

Defendant, however, argues that Plaintiff is not typical because:

> Plaintiff has failed to adduce facts suggesting that *other class members* have been injured 'by the same course of conduct' that she asserts injured her. There can be no serious question that the vast majority of putative class members here never read (let alone considered) the [Defendant's] statement at issue, do not know what diacetyl is, and do not base their popcorn purchases on diacetyl-related issues.

(Def.'s Opp'n 7:20-25, emphasis in original.)

The Court agrees. In *Sanchez v. Wal-Mart*, 2009 WL 1514435 (E.D. Cal. 2009), the plaintiff bought a stroller from Wal-Mart, allegedly relying on the defendant's representations that the stroller was "safe, easy to use, of merchantable quality, and fit for its intended and reasonably foreseeable uses." *Sanchez v. Wal-Mart*, 2009 WL 1514435, at *1 (E.D. Cal. 2009). The plaintiff claimed that "were it not for Defendants' false and misleading statements . . . she would not have purchased the $20 [s]troller. According to [the plaintiff], once she learned of the [s]troller's potential for harm, she had to replace it, and therefore suffered harm." *Id.* The district court in *Sanchez* held that the plaintiff had not met her burden in meeting the requirements of Rule 23 because "there are many individual factors that must be examined before determining whether a particular individual's behavior with respect to the [s]troller would have been materially changed" had the defendant's representations been different. *Id.* Here, the facts are very similar. Plaintiff purchased popcorn because of Defendant's allegedly misleading statements regarding diacetyl. (Pl.'s Mot. 5:4-5.) Plaintiff's injury was established due to her reliance on Defendant's statements. (Order 3:21-5:15.) Since Plaintiff seeks to certify a class that would likely include people with varying rationales behind their purchases – many who would, as Defendant points out, purchase

1  popcorn based on factors like flavor or brand – Plaintiff fails to establish that she is a typical
2  representative of the class. (Def.'s Opp'n 7:26.)

### 4. Adequacy of Representative

"The adequacy-of-representation requirement tend[s] to merge with the commonality and typicality criteria of Rule 23(a)." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 n. 20 (1997) (internal citations and quotations omitted). Because the Court finds that Plaintiff is not a typical representative, the Court also finds that Plaintiff is not an adequate representative.

## III. RULING

For the foregoing reasons, Plaintiff's Motion for Class Certification is **DENIED**. Plaintiff is to proceed as an individual. All dates previously set remain.

IT IS SO ORDERED.

Dated: August 26, 2010.

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE